IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEWIS DIXIE, | C 07-0129 MJJ (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| vs. | |
| R. HOREL, | (Docket No. 4) |
| Respondent. | |

Petitioner, a California prisoner incarcerated at Pelican Bay State Prison, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the loss of time credits stemming from a prison disciplinary proceeding. He has applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 2005, petitioner and his cellmate received Rules Violation Reports ("RVR") charging them with theft of state property. At a subsequent disciplinary hearing, prison officials found petitioner guilty, and assessed a penalty that included the loss of 60 days of good time credits. Petitioner thereafter unsuccessfully challenged this discipline in administrative appeals within the prison system, as well as a state habeas petition in the California Supreme Court.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

N:\MJJ\Week of 7.16.07\dixie.osc.wpd

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.    Legal Claims

Petitioner claims the discipline he received violated his right to due process because he was not allowed to call witnesses or present documentary evidence in his defense at the disciplinary hearing.  Liberally construed, this claim is cognizable.

## CONCLUSION

For the foregoing reasons, the Court hereby orders:

1.    The Clerk of the Court shall serve by certified mail a copy of this order, petition, and all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.    Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3.    Respondent may, within 90 days, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on

petitioner a reply within 15 days of receipt of any opposition.

    4.    Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    5.    It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    6.    Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

    7.    In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates docket number 4.

IT IS SO ORDERED.

DATED: 7/10/2007

MARTIN J. JENKINS
United States District Judge

N:\MJJ\Week of 7.16.07\dixie.osc.wpd    3